IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEROME G. BEERY,

    Appellant,

vs.                                        Civ. No. 98-422 MV/LCS
                                            Bankr. No. 7-94-10504 MA
                                            Adv. No. 97-1059 M

YVETTE GONZALES, Trustee,

    Appellee.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

    1. This matter comes before the Court upon Appellant's (Beery) Notice of Appeal, filed April 9, 1998. Beery appeals the Bankruptcy Court's Order Denying Motion to Dismiss, filed April 1, 1998. In March 1997, the Trustee filed Adversary Proceeding No. 97-1059 M to seek a judicial determination of the nature and extent of Beery's interest in two properties: the Los Alamos and Placitas properties. In his motion to dismiss the adversary proceeding, Beery asserted that 11 U.S.C. §108(a)(2) prohibits the filing of an adversary proceeding more than two years after the initiation of a petition in bankruptcy. The Bankruptcy Court denied the motion to dismiss because it found that §108(a)(2) is not applicable to the Beery adversary proceeding, a core proceeding.

    2. In his Appeal Brief, filed September 11, 1998, Beery basically reargues that §108(a)(2) applies to the adversary proceeding. The Trustee in her answer brief raises two additional issues. First, the Trustee contends that this Court lacks appellate jurisdiction. Second, the Trustee

asserts that Beery should be sanctioned for bringing a frivolous appeal. Because this Court must have appellate jurisdiction before it can address any of the other issues, I will discuss the question of appellate jurisdiction first.

A. Appellate Jurisdiction Over a Final Order

    (1) Finality Under 28 U.S.C. §158

    3. The Trustee argues that appellate jurisdiction is lacking because the Order Denying Motion to Dismiss is not a final order nor appealable as a matter of right. The Trustee also argues that this matter is not a reviewable interlocutory appeal. 28 U.S.C. §158 governs the jurisdiction of bankruptcy appeals. It provides in pertinent part:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
> (1) from final judgments, order, and decrees;
> ...
> (3) with leave of the court, from other interlocutory orders and decrees.

"'[T]o be final and appealable, the district court's order must end the litigation and leave nothing to be done except execute the judgment.'" *In re Buckner*, 66 F.3d 263, 265 (10th Cir. 1995)(quoting *In re Magic Circle Energy Corp.*, 889 F.2d 950, 953 (10th Cir. 1989)(citation omitted). In bankruptcy appeals, the "judicial unit" for purposes of finality refers to the discrete adversarial proceeding or controversy within the larger bankruptcy case. *See, e.g., In re Durability, Inc.*, 893 F.2d 264, 266 (10th Cir. 1990). "Most courts ... have held that denial of a motion to dismiss is not a final order because it does not end the litigation or any discrete part of the litigation to which it may relate. ... On the contrary, denial of a motion to dismiss, ordinarily, is the 'antithesis' of a final order because, instead of terminating the case or any aspect of it, it allows the matter to proceed." *Matter of. Giguere*, 188 B.R. 486, 488 (D. R.I. 1995)(citations

omitted). *See also In re Blinder, Robinson, & Co., Inc.*, 135 B.R. 899, 901 (D. Colo. 1992); *In re Warner*, 94 B.R. 734, 735 n.2 (M.D. Fla. 1988); In re *Hebb*, 53 B.R. 1003, 1005 (D. Md. 1985). The above case law persuades me that the Order Denying the Motion to Dismiss is not "final" under §158(a)(1). Having determined that the Bankruptcy Court's Order is not "final," the question becomes whether either of two limited exceptions to §158(a)(1) apply: practical or pragmatic finality and the collateral order doctrine.

(2) Practical or Pragmatic Finality

4. Practical or pragmatic finality permits appellate jurisdiction where the "danger of injustice by delaying appellate review" outweighs the policies favoring finality. *Bender v. Clark*, 744 F.2d 1424, 1427 (10th Cir. 1984). This exception to statutory finality is reserved only for very "unique" or "exceptional" circumstances. *Albright v. UNUM Life Ins. Co. of America,* 59 F.3d 1089, 1094 (10th Cir. 1995); *State of Utah by and through Utah State Dept. of Health v. Kennecott Corp.*, 14 F.3d 1489, 1496 (10th Cir.), *cert. denied*, 513 U.S. 872 (1994). That is simply not the case here. I, therefore, find that this Court does not have appellate jurisdiction pursuant to the doctrine of practical or pragmatic finality.

(3) Collateral Order Doctrine

5. To come under the collateral order exception to finality an order must "'presen[t] a serious and unsettled question.'" *John E. Burns Drilling Co. v. Central Bank of Denver*, 739 F.2d 1489, 1492 n.7 (10th Cir. 1984)(quoting *Nixon v. Fitzgerald*, 457 U.S. 731, 742 (1982)(citations omitted)). The collateral order exception requires that an order "'[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from final judgment.'" *State of Utah,* 14

F.3d at 1492 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). Because an order must meet all three requirements of the collateral order doctrine to be excepted from the finality rule, if one requirement is not met, the Court need not discuss the other requirements. *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 375 (1987). In this case, I find that Beery's issue on appeal is not sufficiently "serious" nor does it present an "unsettled" question. Moreover, I find that the Order Denying Motion to Dismiss can be effectively reviewed on appeal from a final judgment in the adversary proceeding. *See id.* at 1492. Thus, Beery does not meet the third prong of the collateral order doctrine. I conclude that this Court does not have any kind of "finality" jurisdiction over this appeal.

B. Interlocutory Jurisdiction

6. As the Trustee correctly notes, Beery has not explicitly sought this Court's permission to file an interlocutory appeal of the Bankruptcy Court's Order Denying Motion to Dismiss. Even so, under Fed. R. Bankr. P. 8003(c), this Court can treat a timely filed notice of appeal as a motion for leave to file an interlocutory appeal. *See, e.g., In re Kruckenberg*, 160 B.R. 663, 665 (D. Kan. 1993). It is, however, within the Court's discretion to hear an interlocutory appeal. *Id.* at 666. An interlocutory appeal can be taken when the order at issue "involves a (1) controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Id*. Beery has the burden of showing these three elements. *Keller*, 135 B.R. at 901.

7. A plain reading of 11 U.S.C. §108(a)(2) indicates that it does not apply to this adversary proceeding. *See* Order Denying Motion to Dismiss, filed April 1, 1998. Consequently, there is not a "substantial ground for difference of opinion." Additionally, an immediate appeal

4

would not materially advance the determination of Beery's property interests, the purpose of the adversary proceeding. I, therefore, find that Beery failed to carry his burden of demonstrating that the Court should allow an interlocutory appeal of the Order Denying Motion to Dismiss. Accordingly, I find no satisfactory reason to permit an interlocutory appeal. In sum, this Court lacks appellate jurisdiction over this appeal. A dismissal of the appeal with prejudice is warranted.

C. Sanctions

8. The Trustee argues that this appeal is frivolous and she should, therefore, be awarded attorney's fees and costs for defending the appeal. The Trustee contends that Beery appealed the Order Denying Motion to Dismiss to delay final judgment in the adversary proceeding. This Court can assess just damages such as attorney's fees and single or double costs when an appeal is frivolous or brought to delay proceedings. Fed. R. App. P. 38; *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987). "An appeal is frivolous when 'the result is obvious, or the appellant's arguments of error are wholly without merit.'" *Braley*, 832 F.2d at 1510 (quoting *Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 656 (9th Cir. 1984)). In addition, the Tenth Circuit has noted that Fed. R. App. P. 38 "should doubtless be more often enforced than ignored in the face of a frivolous appeal.'" *Id*. (quoting *WSM, Inc. v. Tennessee Sales Co.*, 709 F.2d 1084, 1088 (6th Cir. 1983)). Moreover, an appellant's *pro se* status does not prohibit a Court from imposing sanctions for a frivolously filed appeal. *See Olson v. Coleman*, 997 F.2d 727, 728 (10th Cir. 1993).

9. Beery is no stranger to *pro se* litigation. He has already filed five appeals in his bankruptcy case.[1] Furthermore, Beery's Appeal Brief contains no legal authority to support his argument regarding the applicability of §108(a)(2). A plain reading of §108(a)(2) culminates in an obvious result, the result reached by the Bankruptcy Court in its Order Denying Motion to Dismiss. I conclude that Beery's appeal is indeed frivolous and that he is subject to sanctions including attorney's fees and single costs.

Recommended Disposition

I recommend dismissing this bankruptcy appeal with prejudice for lack of jurisdiction. I also recommend remanding this matter to the Bankruptcy Court for a determination of reasonable attorney's fees and costs incurred by the Trustee to defend this appeal. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
United States Magistrate Judge

---

[1] BAP No. NM-98-003; Civ. No. 98-384 M/LCS; Civ. No. 98-457 LH/LCS; and Civ. No. 95-1162 JP/RLP.